

August 30, 2004

Mr. Duff Brace
887 Broadway
Hanover, MA 02339

**Re:** ***Petters Company, Inc. v. Stayhealthy, Inc., et al***
***Court File No. 03-3210 (JRT/FLN)***

Dear Mr. Brace:

I am enclosing a copy of the Second Amended Notice of Taking Deposition of Duff Brace regarding the above-referenced matter. Please note that only the place of the deposition has changed. Rather than the deposition taking place at the Hilton Boston Logan Airport as shown on the Subpoena previously served on you, the deposition will take place at the Embassy Suites, Board Room, 207b Porter Street, Boston, Massachusetts 02128. The deposition is still scheduled to begin at 9:00 a.m. on September 29, 2004.

Very truly yours,

Crystal M. Ovsak
*Attorney at Law*
**Direct Dial:** 612.492.7192
**Email:** covsak@fredlaw.com

CMO:dau

cc:  Bradley S. Herman, Esq.
     David R. Marshall, Esq.
     Robert M. Gardner, Esq.
     Eric Macey, Esq.
     Joseph M. Sokolowski, Esq.
     Andrew O. Schiff, Esq.
     Scott P. Schomer, Esq.

#3010166\1

Attorneys & Advisors / 200 South Sixth Street
main 612.492.7000 / Suite 4000
fax 612.492.7077 / Minneapolis, Minnesota
www.fredlaw.com / 55402-1425

OFFICES: Minneapolis, London    AFFILIATES: Mexico City, Warsaw, Montreal, Toronto, Vancouver

# United States District Court
## DISTRICT OF MASSACHUSETTS



PETTERS COMPANY, INC.,

    Plaintiff,

v.

STAYHEALTHY, INC., AMERISOURCEBERGEN CORP., AMERISOURCEBERGEN DRUG CORP., AMERISOURCEBERGEN SERVICES CORP., and BERGEN BRUNSWIG DRUG COMPANY,

    Defendants.

SUBPOENA IN A CIVIL CASE

Civil No. 03-3210 (JRT/FLN)
(District of Minnesota)



To:    Duff Brace, 887 Broadway, Hanover, MA 02339

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Hilton Boston Logan Airport, 85 Terminal Road, Boston, MA | September 29, 2004, 9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]* |  |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |  |
| David R. Marshall, Esq. <br> Fredrikson & Byron, P.A. <br> 4000 Pillsbury Center <br> 200 South Sixth Street <br> Minneapolis, MN 55402 <br> (612) 492-7000 <br> Attorneys for Petters Company, Inc. |  |

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Fed.R.Civ.P., Parts (c) & (d).

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



# Harbor Medical Associates

760 Chief Justice Cushing Highway
P.O. Box 138
Cohasset, MA 02025
781-383-9422 / fax 781-383-8024

Roger A. Pompeo, M.D.

January 12, 2004

Robert M. Gardner
Gardner Law Office
7301 Ohms Lane
Suite #475
Edina, MN  55439

Dear Mr. Gardner:

It is my professional opinion that Duff Brace is unfit at this time to give a deposition, as it may endanger his health even further. I will review Mr. Brace's condition in February to release him for deposition in February or March.

I am available if you need to discuss this further.

Sincerely,

Roger A. Pompeo, M.D.



# Harbor Medical Associates<sup>PC</sup>

760 Chief Justice Cushing Highway
P.O. Box 138
Cohasset, MA 02025
781-383-9122   fax 781-383-9021

Roger A. Pompeo, M.D.

May 25, 2004

To Whom It May Concern:

Re:  Mr. Duff Brace

Mr. Brace continues to make progress under my care and that of his specialist.  He is still unfit to give a deposition, in my opinion.

In consultation with his specialist, we will revciw his status again in eight weeks.

Sincerely,

*[signature]*

Roger A. Pompeo, M.D.



# Harbor Medical Associates PC

760 Chief Justice Cushing Highway
P.O. Box 138
Cohasset, MA 02025
781-383-9422 / fax 781-383-8024

Roger A. Pompeo, M.D.

July 26, 2004

To Whom It May Concern:

Re: Mr. Duff Brace

Mr. Brace continues to make progress under my care and that of his specialist. He is still unfit to give a deposition, in my opinion.

In consultation with his specialist, we will reveiw his status again in eight weeks.

Sincerely,

Roger A. Pompeo, M.D.