**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

<table>
<tr>
<td>

PETTERS COMPANY, INC.,

       Plaintiff,

       vs.

STAYHEALTHY, INC.,
AMERISOURCEBERGEN CORPORATION,
AMERISOURCEBERGEN DRUG
CORPORATION,
AMERISOURCEBERGEN SERVICES
CORPORATION, and
BERGEN BRUNSWIG DRUG COMPANY,

       Defendants.

</td>
<td>

Court File No. for Main Action
03-3210 (JRT/FLN)
(District of Minnesota)


**Court Misc. File No. for this Motion**
**C.A. No. 1:04-mc-10269-DPW**
**(District of Massachusetts)**


**MEMORANDUM IN RESPONSE TO**
**MOTION TO QUASH**
**BRACE SUBPOENA**

</td>
</tr>
</table>

## FACTUAL BACKGROUND

I.     **THE UNDERLYING LAWSUIT.**

    A.    **The Parties.**

Plaintiff Petters Company, Inc. ("Petters") commenced this suit to recover loans it made

to Stayhealthy, Inc. ("Stayhealthy"). See Amended Complaint, attached as Ex. A (Exhibits

p. 1).[1]

Defendant Stayhealthy, Inc. ("Stayhealthy") is a corporation engaged in the manufacture

and sale of biometric devices. See Amended Compl., attached as Ex. A (Exhibits p. 1). Duff

Brace is the former President of Stayhealthy. See Brace's Memorandum of Law in Support of

Motion to Quash ("Brace's Memo of Law") at 2.

Defendants AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation,

AmerisourceBergen Services Corporation and Bergen Brunswig Drug Company (collectively

---

[1]    Exhibits A to F of this Memorandum have been collectively filed in one electronic Adobe PDF Response
Exhibits Attachment, referred to herein as "Exhibits p. ___."

"ABC") are corporations engaged in the wholesale of pharmaceutical products and other related healthcare products. See Amended Compl., attached as Ex. A (Exhibits p. 1). ABC entered into an agreement with Stayhealthy to acquire and sell the biometric devices manufactured by Stayhealthy. See id.

**B.      Petters Has Asserted Claims for Breach of Contract, Fraud and Civil RICO.**

Petters has asserted various claims against Stayhealthy and ABC, including fraud, violations of civil RICO and civil conspiracy. See Amended Compl., attached as Ex. A (Exhibits p. 1). Petters alleges that Stayhealthy and ABC conspired to defraud Petters by manufacturing false documents which created the appearance that ABC had issued to Stayhealthy two purchase orders (one in March 2002 and another in August 2002) for the purchase of the biometric devices when, in fact, ABC had acquired the devices pursuant to a consignment arrangement. See Amended Compl., attached as Ex. A (Exhibits p. 1). Under that purported consignment arrangement, ABC had no obligation to pay for the biometric devices unless and until it sold them to end-user consumers. See id.

The purchase orders issued by ABC to Stayhealthy do not, however, reflect the supposed consignment arrangement or any payment contingency. See id. In 2002, in reliance on the false purchase orders, Petters loaned Stayhealthy several million dollars and accepted an assignment of the purchase orders. See id. Stayhealthy has failed to repay the loans and ABC, citing the consignment arrangement, has refused to pay for the devices it received pursuant to the purchase orders. See id.; Brace's Memo of Law at 2.

**II.    STAYHEALTHY IDENTIFIED MR. BRACE AS POSSESSING RELEVANT INFORMATION CONCERNING THE CLAIMS IN THIS MATTER.**

In Stayhealthy's Rule 26 Initial Disclosures, Stayhealthy stated that Mr. Brace had "knowledge concerning the Stayhealthy Program, the Stayhealthy Kiosks, meetings and correspondence with ABC and the other participants in the Stayhealthy Program." See

Defendant Stayhealthy, Inc.'s Initial Disclosures, attached as Ex. B (Exhibits p. 30).  In

Stayhealthy's Answers to Petters' Interrogatories, Stayhealthy identified Mr. Brace as someone

who (1) supplied information used to answer the interrogatories, (2) was involved in negotiating

the agreements between Stayhealthy and ABC and (3) engaged in "frequent discussions and

email correspondence with ABC and other third parties" concerning ABC's purchase, sale and

marketing and promotion of the biometric devices.  See Defendant Stayhealthy, Inc.'s Answers

to Petters' Interrogatories, attached as Ex. C (Exhibits p. 38).

### III.    PETTERS REPEATEDLY POSTPONED MR. BRACE'S DEPOSITION AT MR. BRACE'S REQUEST.

Based on Stayhealthy's representations concerning Mr. Brace's involvement in the

ABC/Stayhealthy/Petters transaction, Petters first noticed Mr. Brace's deposition for January 21,

2004.  See Notice of Taking Deposition of Duff Brace, attached as Ex. D (Exhibits p. 43).  At

Mr. Brace's request, the deposition was postponed.  See Brace's Memo of Law at 2-3.

Thereafter, Petters re-noticed Mr. Brace's deposition for April 1, 2004.  See Amended

Notice of Taking Deposition of Duff Brace, attached as Ex. E (Exhibits p. 45).  Petters again

postponed the deposition upon Mr. Brace's request.

Finally, in light of an upcoming dispositive motion deadline and trial, Petters noticed Mr.

Brace's deposition for September 29, 2004.  See Second Amended Notice of Taking Deposition

of Duff Brace, attached as Ex. F (Exhibits p. 49).  Mr. Brace then filed this motion to quash.

### ARGUMENT

### I.    PETTERS HAS MADE A PRIMA FACIE SHOWING OF ENTITLEMENT TO TAKE MR. BRACE'S DEPOSITION.

Federal Rule of Civil Procedure 26(b) provides that a party "may obtain discovery

regarding any matter, not privileged, that is relevant to the claim or defense of any party."

Federal Rule of Civil Procedure 30(a) specifies that to acquire that relevant information, a "party

may take the testimony of <u>any person</u>, including a party, by deposition upon oral examination."

(Emphasis added.)

Here, Petters is entitled to take the deposition of Mr. Brace.  Mr. Brace is the former

president of a party to this suit (Stayhealthy) and he was specifically identified by Stayhealthy as

participating in the transaction at issue, including negotiation of the agreement between

Stayhealthy and ABC and correspondence with ABC.  In other words, Stayhealthy identified Mr.

Brace as possessing relevant information on the issues in this suit.  Indeed, Mr. Brace previously

supplied information used to formulate Stayhealthy's interrogatory answers.  As such, Mr. Brace

possesses relevant information and Petters is entitled to take his deposition.

## II.    MR. BRACE HAS NOT ESTABLISHED THAT THE SUBPOENA SHOULD BE QUASHED.

Rule 26(c) provides that upon "motion by a party or by the person from whom discovery

is sought…on matters relating to a deposition, the court in the district where the deposition is to

be taken, may make any order which justice requires to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense…."  Fed. R. Civ. P. 26(c).

Federal Rule of Civil Procedure 45(c)(3)(A) states that the Court shall quash a deposition

subpoena only if it, *inter alia*, "subjects a person to undue burden."  Mr. Brace has failed to

establish that taking his deposition would result in an undue burden.

Mr. Brace has essentially argued that because he suffered two physical injuries some time

in the past two years, is on medication to treat his depression and has been absent from

Stayhealthy for some time, he can never sit for a deposition.  Of course, former employees who

have been absent from their former place of employment sit for depositions all the time.

Furthermore, despite his statement that he cannot give a "true and accurate deposition" because

of his mediation regimen, Mr. Brace was able to draft and submit to the Court a cohesive, four-

page memorandum of law in support of his Motion to Quash.  Under such circumstances, the

Court has discretion to issue an Order that will protect Petters' right to take Mr. Brace's

deposition and protect Mr. Brace from undue burden.  Specifically, Petters will agree to limit Mr.

Brace's deposition to four hours of testimony and will take the deposition in a location

designated by Mr. Brace.

## CONCLUSION

Based on the foregoing, Petters respectfully requests that the Court deny Mr. Brace's

motion to quash.

Dated:  September 30, 2004

Respectfully Submitted,

/s/ Mark M. Whitney

_____

Mark M. Whitney, Esq.
BBO # 637054
MORGAN BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
Telephone (617) 523-6666
Fax (720) 293-9696
*Local Counsel for Plaintiff*

David R. Marshall (MN #184457)
Crystal M. Patterson (MN #030492X)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street
Minneapolis, MN  55402
Telephone (612) 492-7154/7192
Fax (612) 492-7077
*Co-Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing document has been sent by regular mail to

Mr. Duff Brace, *pro se movant*, 887 Broadway, Hanover, MA  02339, on the 1st day of October,

2004.

/s/ Mark M. Whitney

_____
Mark M. Whitney, Esq.